[No. 5092.]
[No. 2664 C. A.]

The Union Steel and Chain Company v. Wagoner.

**Practice in Civil Actions—Contracts—Pleadings—Evidence.**

Where a case was tried on an express contract by defendant to pay plaintiff an agreed price for machinery, and both parties ignored a cause of action on a quantum meruit contained in the complaint, the court committed no error in excluding evidence of the defendant as to the value of the machinery, although similar evidence had been admitted on behalf of plaintiff without objection.—P. 376.

*Error to the District Court of Arapahoe County. Hon. Peter L. Palmer, Judge.*

Action by John Wagoner against The Union Steel and Chain Company. From a judgment in favor of plaintiff, defendant brings error.

*Affirmed.*

Mr. C. H. Pierce and Mr. Henry T. Sale, for plaintiff in error.

Mr. George P. Steele, for defendant in error.

Mr. Justice ·Gunter delivered the opinion of the court:

This case was tried upon an express contract by defendant to pay to plaintiff an agreed price for certain machinery, both parties ignoring a cause of action upon a *quantum meruit* also contained in the complaint. The case was tried to the court, resulting in a finding and judgment for plaintiff, defendant in error here.

As the cause of action concededly proceeded upon was an express contract to pay a stipulated price, the court committed no error in excluding any evidence offered by defendant going to the value of the machinery involved. The mere fact that the court admitted evidence upon this immaterial issue, to wit, the value of the machinery, in behalf of plaintiff, was no reason why it should repeat the error by receiving like testimony from the defendant. The ruling simply excluded immaterial testimony, and was not error. The contract between plaintiff and defendant was effected through an agent. Plaintiff in testifying stated the transaction as reported to him by his agent. It is said this was error. It suffices to say that this testimony was admitted without objection.

Plaintiff testified to a conversation with the representative of defendant, wherein such representative admitted the contract sued on, and, it is said, the court refused to permit defendant to give evidence as to this conversation. The facts fail to sustain this contention. There was no effort to show by other witnesses such conversation, and there was

no ruling of the court excluding the evidence of other witnesses going to this conversation.

It is further contended that the evidence does not support the finding and judgment of the court. There was evidence for plaintiff which, if credited, made out the cause of action sued on. This being true, there was evidence sufficient to sustain the finding and judgment of the court.

The judgment below is affirmed.    *Affirmed.*

CHIEF JUSTICE GABBERT and Mr. JUSTICE MAXWELL concurring.